[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: MAY 19, 1998 DATE OF APPLICATION: MAY 19, 1998 DATE APPLICATION FILED: UNKNOWN DATE OF DECISION: NOVEMBER 23, 1999
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR97-0449952
Hector Rivera, Esq. Counsel for Petitioner.
Robert O'Brien Esq. Assistant State's Attorney, for the State.
Sentence: AFFIRMED.
BY THE DIVISION:
After a trial to the jury, the petitioner was convicted of Criminal Possession of a Pistol, a violation of C.G.S. §53a-217c(a)(1) (a class D felony) and Reckless Endangerment in the Second Degree, a violation of C.G.S. § 53a-64 (a class B misdemeanor). The court imposed the maximum sentence on each count to be served consecutively for a net effective sentence of 5 1/2 years incarceration. Petitioner seeks review of this sentence.
Counsel for petitioner claims before the Division that there were mitigating factors at the time of sentencing that were not considered by the trial court. Counsel argued that the petitioner had a difficult upbringing in that petitioner's mother held 3 jobs in order to maintain the children and that petitioner's father was "never around." Counsel continued that petitioner was raised in a poverty stricken environment which consisted of drug trafficking and gunplay. Counsel indicated that petitioner had done well in school up until the 11th grade when a downward slide began. Petitioner thereafter left high school, engaged in the use of alcohol on a daily basis, and struggled with drug and alcohol issues. Counsel summarized that the sentencing court did not give appropriate weight to the mitigating factors of: petitioner's drug dependence; that petitioner was a product of a single working mother household; and the inconsistent verdicts rendered by the jury (guilty of reckless endangerment and not guilty of unlawful discharge of a firearm).
Petitioner explained that he could not comprehend how he was convicted and that although he did bad things in the past, he paid his debt to society and that he is capable of being a productive member of society.
Counsel for the state emphasized petitioner's prior felony record and indicated society had to be protected.
The sentencing court noted the petitioner's prior criminal record including, but not limited to, the petitioner's prior conviction for Assault in the Second Degree of a Person Over 60, and the petitioner's prior conviction for Carrying a Pistol Without a Permit, each of which resulted in a period of CT Page 885 incarceration.
The trial court noted that prior periods of incarceration did not deter the petitioner's thwarting the laws to protect society and noted the similar instant offense and indicated that the petitioner was a threat to the safety of the community and should be treated severely. The court imposed the sentence as indicated.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book §43-23 et seq. and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
MIANO, J.
KLACZAK, J.
IANOTTI, J.
Miano, J., Klaczak, J. and Ianotti, J. participated in this decision.